UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BRUCE CORDOBA,

Plaintiff,

v.

BROWN,

Defendant.

No.  2:26-cv-1133 AC P

ORDER

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 and state tort law without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.       Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

The complaint alleges that defendant Brown was negligent and violated plaintiff's rights under the Fourteenth Amendment[2] on December 7, 2025, when she gave him the wrong medication. ECF No. 1 at 3-4. Plaintiff alleges that after defendant gave him his medication he

---

[2] Although plaintiff cites the Eighth Amendment, the Fourteenth Amendment governs his claims because he was a pretrial detainee at the time of the incident. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits all punishment of pretrial detainees, while the Eighth Amendment only prevents the imposition of cruel and unusual punishment of convicted prisoners.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

2

noticed that it did not look anything like the medication he is prescribed, and he repeatedly asked defendant whether it was the right medication when it did not look like any medication he had ever taken.  Id. at 3.  Defendant assured him it was the correct medication, but approximately thirty minutes after plaintiff took the medication, he began to feel like he was intoxicated.  Id.  He requested a blood or urine test to determine what he had been given and was denied.  Id. at 3-4.  Plaintiff alleges that he was traumatized by the incident and suffered mental distress as well as unspecified physical damage.  Id.

III.	Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff allegations that Brown failed to double check his medication, despite the fact that he notified her it did not look like any medication he had ever taken before, has adequately stated a cognizable claim for relief under the Fourteenth Amendment.

IV.	Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against Brown for failing to have plaintiff take a blood or urine test.  It is unclear whether Brown was the nurse who refused plaintiff's requests.  Plaintiff also has not alleged facts showing that the refusal to provide the tests put him at substantial risk of harm.  Plaintiff also has not stated a claim for negligence under state law because he does not allege compliance with the Government Claims Act.  It appears to the court that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.

V.	Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Brown on his Fourteenth Amendment claim based on Brown's administration of incorrect medication.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss his negligence claim and any claims based on refusing his request for a blood or urine test.  The**

3

**court will proceed to immediately serve the complaint and order a response from defendant Brown.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated a claim for deliberate indifference based on Brown giving you the wrong medication.  You have not stated a claim for negligence because you have not alleged that you complied with California's notice of claim requirements and you have not stated any claims against Brown based on the refusal to give you a blood or urine test.

You have a choice to make.  You may either (1) proceed immediately on your Fourteenth Amendment claim against Brown based on the administration of incorrect medication and voluntarily dismiss the other claims; or, (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  See Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

VII.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's negligence claim and any claims based on the allegation that defendant Brown refused to provide plaintiff a blood or urine test do not state claims for which relief can be granted.

////

4

4.  Plaintiff has the option to proceed immediately on his Fourteenth Amendment claim against defendant Brown based on her administration of incorrect medication as set forth in Section III above, or to file an amended complaint.

5.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the negligence claim and any claims based on the refusal to provide a blood or urine test.

DATED: April 20, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRUCE CORDOBA, | No.  2:26-cv-1133 AC P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| BROWN, | |
| Defendant. | |

Check one:

_____ Plaintiff wants to proceed immediately on his Fourteenth Amendment claim against defendant Brown based on the administration of incorrect medication without amending the complaint.  Plaintiff understands that by choosing this option, the negligence claim and any claims based on the refusal to provide a blood or urine test will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

_____
William Bruce Cordoba
Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

A.  Deliberate Indifference

To state a medical care claim under the Fourteenth Amendment, a plaintiff must allege facts showing that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

1

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). "To satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of 'more than negligence but less than subjective intent—something akin to reckless disregard.'" Sandoval v. County of San Diego, 985 F.3d 657, 669 (9th Cir. 2021) (quoting Gordon, 888 F.3d at 1125).

### B.  State Law Notice of Claims Requirement

To state a viable state law claim against a state employee or entity, a plaintiff must allege compliance with the Government Claims Act.  See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").  This requirement applies in federal court.  See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).

### C.  Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

2