UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRUCE CORDOBA, | No.  2:26-cv-1133 AC P |
| Plaintiff, | |
| v. | ORDER |
| BROWN, | |
| Defendant. | |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  The undersigned screened the original complaint and plaintiff was given the option of proceeding on his cognizable claims only or amending the complaint.  ECF No. 5. Plaintiff chose to amend the complaint (ECF No. 7) and has now filed a first amended complaint (ECF No. 9).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

1

legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.    Factual Allegations of the Complaint

The complaint alleges that defendant Brown and Does 1 and 2 violated plaintiff's rights under the Fourteenth Amendment.  ECF No. 9.  Plaintiff alleges that on December 7, 2025, Brown gave him the wrong medication, which left him feeling intoxicated and later incapacitated.  Id. at 3, 6.  When he requested a blood or urine test to determine what he had been given, Does 1 and 2 denied the request.  Id. at 6-7.  Then, on December 22, 2025, Brown attempted to administer plaintiff's medication again.  Id. at 3.  She then stated that plaintiff refused his medication after he requested a different nurse administer his medication because of the incident on December 7, 2025, and because he had filed two grievances against Brown.  Id.  When plaintiff asked the floor officer for a grievance form, Brown became belligerent and accused him of threatening her.  Id. at 4.  Plaintiff alleges that he was traumatized by the incident and suffered mental distress as well as unspecified physical damage.  Id.  Later in the day another nurse provided plaintiff with his medication after he complained about stomach pains due to not being given his medication earlier in the day.  Id. at 5.

III.    Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A(a), the court finds that the complaint does not state any claims for relief against any defendant.  Although plaintiff alleges that Brown administered the wrong medication to him on December 7, 2025, there are no facts to suggest that she did so deliberately or had any reason to believe it was the wrong medication and posed any danger to him.  He also fails to state a claim with regard to his interaction with Brown on December 22, 2025, because there is no indication she attempted to give him the wrong medication or refused to provide him with his medication; instead, plaintiff states that he refused to accept medication from Brown.  With respect to defendants Doe 1 and Doe 2, plaintiff has not alleged facts showing that their refusal to provide him a blood or urine test put him at substantial risk of harm.

Because of these defects, the court will not order the complaint to be served on defendants.  Plaintiff will be given a final opportunity to try to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order.  See Attachment A

IV.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be

3

complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are still not enough to state a claim.  You are being given a chance to fix these problems by filing an amended complaint.  If you file a second amended complaint, pay particular attention to the legal standards attached to this order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.  **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

3.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 9, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.      Deliberate Indifference

To state a medical care claim under the Fourteenth Amendment, a plaintiff must allege facts showing that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). "To satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of 'more than negligence but less than subjective intent—something akin to reckless disregard.'"  Sandoval v. County of San Diego, 985 F.3d 657, 669 (9th Cir. 2021) (quoting Gordon, 888 F.3d at 1125).